## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| NANCY KUHLMEY, Personal Representative of the Estate of John Edwards Brown, II, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:16 CV 56 |
| CITY OF HAMMOND, *et al.*, | ) ) | |
| Defendants. | ) | |

### OPINION and ORDER

## I.    BACKGROUND

In her complaint, plaintiff alleges that the Hammond Police Department ("HPD") visited the home of the decedent, John Edwards Brown, II, and his wife Jennifer Brown, on February 16, 2014. Plaintiff further alleges that John had a steak knife in his hand or one in each hand, and HPD officers fired multiple gunshots at him, causing his death. (DE # 1.)

Plaintiff filed the present suit against the City of Hammond and Brian Miller in his capacity as Chief of Police for HPD ("defendants"), among others. Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count II of plaintiff's complaint, which alleges a violation of 42 U.S.C. § 1983 for failure to train and supervise its work force and for employing a "shoot first, ask questions later" policy. (DE # 1 at ¶¶ 59, 60.) Defendants have also moved to strike the parts of the complaint

using the phrase "shoot first, ask questions later" as scandalous under Federal Rule of Civil Procedure 12(f).

## II.    DISCUSSION

### A.    Rule 12(b)(6) Motion to Dismiss

Defendants have moved to dismiss plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a Rule 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint

does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

In order to sue a municipality under Section 1983, a plaintiff must assert and ultimately prove that his constitutional rights were violated by some official policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). One way to satisfy *Monell* is to demonstrate the existence of a pattern or practice so widespread that it rises to a level of policy which can be fairly attributed to the municipality. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). To succeed on a claim for failure to train and/or supervise a police force, a plaintiff must show that defendants failed to train their officers in a relevant respect, and that the failure to train

was a deliberate indifference to its citizens' rights. *Palmquist v. Selvik,* 111 F.3d 1332, 1343 (7th Cir. 1997). Defendants assert that plaintiff's allegations are simply recitation of boilerplate law on pattern or practice liability as described above, which lack the specificity required by *Twombly* and *Iqbal.*

Defendants are correct that recitations of boilerplate law are insufficient to state a claim for a Section 1983 claim based on pattern or practice liability. *See, e.g., Strauss v. City of Chicago,* 760 F.2d 765, 766-67 (7th Cir. 1985). However, plaintiff's allegations contain more than boilerplate allegations. Plaintiff asserts that defendants shot and killed John Edward Brown, II, in this case, but plaintiff also alleges that defendants used greater force than necessary in other situations, specifically: "Discharging firearms at domesticated animals secured in their owner's home" and "Breaking automobile windows and subduing passengers via Taser for seemingly minor, or no offense(s) whatsoever." (DE # 1 at 12.) These allegations avoid the pitfall of basing a policy or custom claim entirely on one's own experience. *Cf. Grieveson v. Anderson,* 538 F.3d 763, 774 (7th Cir. 2008). Further, they place defendants on notice of the basis for plaintiff's pattern or practice claim. *Fematt v. City of Chicago,* No. 11 C 1530, 2012 WL 698814, at *5 (N.D. Ill. Mar. 1, 2012) (complaint containing several examples of defendant's knowledge of police misconduct and failure to take action gave defendant fair notice of claim and grounds upon which it rested). Accordingly, the court denies plaintiff's motion to dismiss Count II of the complaint against defendants.

## B.     Rule 12(f) Motion to Strike

In an unusual move, defendants also move to strike, under Federal Rule of Civil Procedure 12(f), plaintiff's allegation that defendants employed a "shoot first, ask questions later" policy as a highly inflammatory accusation designed to garner media attention. While Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter," motions to strike are generally disfavored and are usually only granted in situations in which the contested material bears no possible relation to the controversy or causes some prejudice to the moving party. *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992).

In this case, the use of the phrase "shoot first, ask questions later" is a description of the particular pattern or practice that plaintiff alleges defendants employed. It bears a strong relation to the case against defendants, and is clearly material and pertinent, as the case itself hinges on whether defendants promulgated an improper pattern or practice. *Compare Delta Consulting Grp., Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1142 (7th Cir. 2009) (affirming district court's decision to strike portions of complaint regarding document that undisputedly never existed), *with In re Asbestos Cases,* No. 86 C 1739, 1990 WL 36790, at *4 (N.D. Ill. Mar. 8, 1990) (allegations regarding the time and place of alleged asbestos injury were necessary to establish a cause of action for negligence and would not be stricken under Rule 12(f)). Accordingly, defendants' motion to strike is denied.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and strike (DE # 7) is

**DENIED**.

**SO ORDERED.**

Date: September 30, 2016

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT